Seymour **THICKMAN** and William R. Knox, Appellants (Plaintiffs below),

v.

W. F. **SCHUNK**, Appellee (Defendant below).

No. 3456.

Supreme Court of Wyoming.

Feb. 17, 1966.

Lawrence A. Yonkee, of Redle, Yonkee & Redle, Sheridan, for appellants.

Henry A. Burgess, Sheridan, for appellee.

Before PARKER, C. J., and GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The controversy before us involves the rights of partners after dissolution of a partnership. The dispute was previously before us on an appeal from a summary judgment, in Thickman v. Schunk, Wyo., 391 P. 2d 939.

The partnership originally consisted of William R. Knox, Seymour Thickman, Richard H. MacLean, and W. F. Schunk, practicing physicians in the County of Sheridan, Wyoming. The purpose of the association was to practice medicine in its various branches, and this was done in a place of business known as the Schunk Clinic.

As reflected in our former opinion, Drs. MacLean, Thickman, and Knox gave notice to Dr. Schunk that each of them was resigning from the partnership as of April 30, 1963 and that notice was being given pursuant to article 6 of their partnership agreement. The withdrawal of MacLean was effected in accordance with the partnership agreement, and his rights are not in controversy. Thickman and Knox, however, gave Schunk written notice of reconsideration and rescission of their intentions to withdraw from the partnership, prior to any formal acceptance by Schunk of the withdrawal notices.

Thereafter, action was started in the district court of Sheridan County by MacLean, Thickman, and Knox for a dissolution of the partnership. That court took the position that plaintiffs voluntarily elected to resign, were bound by such resignations, and could not invoke the jurisdiction of the court to set aside their voluntary actions. It stated, the partnership agreement provides for the method of resignation of its members and contains provisions relating to the dissolution of partnership business upon the resignation of members; and that such agreement was determinative of the rights of the parties and should be enforced.

On this basis summary judgment was granted to defendant-Schunk, and plaintiffs were denied dissolution by the trial court. On appeal, we said, at 391 P.2d 945, there was no evidence that defendant notified

plaintiffs of a desire to exercise his right to carry on the business, as he could have done under article 6. Since evidence was lacking that this was done either prior to the attempted rescission of Thickman and Knox or the filing of the complaint for dissolution, the relationship was not such that it was improper to invoke the jurisdiction of the court. Our mandate was for the summary judgment to be vacated and for further proceedings to be had consistent with our opinion.

Appellants Thickman and Knox now contend the partnership was dissolved upon the filing of the complaint by three of the partners and service on the remaining partner. They claim this dissolution left no authority for Schunk to continue the business, there being absent a wrongful dissolution within the meaning of § 17–232, W.S. 1957; and that assets of the partnership should be distributed according to general partnership law and the rules set forth in § 17–234, W.S.1957.

The matter in dispute is whether Thickman and Knox are entitled to receive a proportionate share in the accounts receivable of the partnership. The trial court has held the provisions of article 6 of the partnership agreement preclude them from a share in the accounts receivable.

In argument to us on the present appeal, counsel for appellants concedes the crucial question presented is whether article 6 applies and affords the basis for distribution on dissolution. If it does, he agrees the judgment now appealed from is correct. If not, he claims it is wrong.

Possibly counsel has overlooked the fact that we have already said in Thickman v. Schunk, supra, at 391 P.2d 943, it is elementary that if the partnership had already been dissolved the terms of the agreement as to dissolution would control and there would be nothing upon which a court decree could operate in regard to the right of a partner to petition for judicial determination of the relationship on statutory grounds.

The trial has disclosed nothing which would change this situation, and if the part-

nership has now been dissolved—no matter when—the terms of the agreement as to dissolution must still control. Moreover, the rule of distribution contended for by appellants, as set forth in § 17–234, is specifically made "subject to any agreement to the contrary."

According to findings of the trial court, Thickman and Knox dissolved the partnership, as far as their rights therein are concerned, on June 30, 1963, by voluntarily, and not pursuant to any court order, leaving the partnership premises and withdrawing from the partnership after the granting of a summary judgment was announced. Under the authority of § 17–226(f), W.S.1957, the trial court confirmed the dissolution effected by them. This section authorizes the court to decree a dissolution when "circumstances render a dissolution equitable."

The court also held the burden of proof was on Thickman and Knox to show that defendant wrongfully caused the dissolution of the partnership, in contravention of the agreement, before the court can disregard the agreement and order a settlement under general partnership law. This burden, Thickman and Knox failed to meet.

■ There is no contradiction of the fact that Thickman and Knox voluntarily left the partnership premises and withdrew from the partnership about June 30, 1963, and that from that time forward they both engaged in the practice of medicine in Sheridan County, Wyoming. Also, the record amply sustains the trial court in its finding that Schunk was not proved to have wrongfully caused the dissolution in contravention of the partnership agreement.

As we have already indicated, Thickman and Knox contend the partnership was dissolved upon the filing of the complaint for dissolution, on March 16, 1963. As we read the complaint, however, it acknowledges the continued existence of the partnership and prays for it "to be terminated and dissolved" by the court.

■ Before the request of the complaint was finally acted upon by the court, Thick-

man and Knox voluntarily withdrew from the partnership and started separate practices. We think the trial court was correct in concluding this terminated their interests in the partnership, leaving the court no alternative but to decree that the partnership came to an end on June 30, 1963, when Thickman and Knox withdrew.

Thus, the following provision in article 6 of the partnership agreement became applicable:

"* * * In evaluating the interest of a partner hereunder no consideration shall be given to his interest in the accounts receivable, nor shall he have any interest therein if such partner is withdrawing or is expelled and engages in the practice of medicine in Sheridan County, Wyoming, within one year following his termination of interest in this partnership * * *."

It is to be noted from the foregoing provision that the determining factor, in determining whether a withdrawing partner is to have an interest in the accounts receivable, is whether he engages in the practice of medicine in Sheridan County within one year following his termination of interest in the partnership—it is not whether he is or is not responsible for the termination.

In our previous opinion, at 391 P.2d 945, we referred to that portion of article 6 which provides, in the event a partner terminates his interest in the partnership, it shall have no effect upon the continuance of the partnership business and the remaining partners shall have the right to carry on the business. We said this can scarcely mean other than that the remaining partner has an option to carry on but is not obligated so to do. We indicated no effect could come from the notices of intention to withdraw unless Schunk exercised his right to carry on the business.

It is now apparent from undisputed evidence adduced at the trial that Schunk did give a notice on March 13, 1963, making it clear he elected to and intended to carry on the business. This notice was subsequent to the time Thickman and Knox rescinded their resignations but prior to the time which had been fixed for the resignations to become effective, April 30, 1963. It was additional prior to the initiation of court action for dissolution. Schunk's answer to the complaint in this litigation also sets forth that he has elected to carry on and has carried on the business.

■ It being evident then, from the undenied evidence in the case, that Schunk has chosen to carry on the business of the Schunk Clinic and that he has done so; and there being sufficient evidence to justify the trial court in concluding he did not cause a dissolution of the partnership in contravention of the partnership agreement: we cannot do otherwise than to uphold the trial court's finding that the winding up of partnership affairs, the settling of accounts between the partners, and the distribution of assets should be under the terms of the partnership agreement; and that full effect should be given to the provision which deprives a retiring partner of any interest in accounts receivable, if he continues to practice in Sheridan County within one year.

Affirmed.

HARNSBERGER, J., not participating.

PARKER, Chief Justice (concurring).

I concur in the result reached in the majority opinion, but I entirely disapprove the basis of the decision.

Unless there is a cogent reason to the contrary, our holding here must be consistent with the previous case involving the same parties, Thickman v. Schunk, Wyo., 391 P.2d 939. In that earlier opinion we stated at 391 P.2d 942:

"The key finding contained in the summary judgment was that the plaintiffs voluntarily elected to resign, were bound by such resignations, and could not invoke the jurisdiction of the court

to set aside their voluntary actions under the agreement. * * *"

We thereafter alluded to paragraph six of the partnership agreement, which we said meant that the remaining partner had an option to carry on the business but was not obligated to do so, and voiced our reasons at 391 P.2d 945 why the summary judgment must be reversed:

"* * * There was no evidence that defendant notified plaintiffs of a desire to exercise the right to carry on the business and since this was not done either prior to appellants' attempted recisions or the filing of the complaint, the relationship was not such that the invoking of the jurisdiction of the court to act was improper."

Since the court had in evidence at the time of the trial the letter of defendant Schunk showing his acceptance of the resignations during the time they were effective as options for the remaining partner to purchase, it follows that the terms of the partnership agreement must prevail.